UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

LUCAS PUTVAIN, )
)
    Plaintiff, )
)
v. )   Case No. 5:20-cv-125
)
BENJAMIN WATTS, MAX TITUS, )
HEIDI FOX, STEVE FISHER, )
TINA BOWEN, STEVEN FISHER, )
KIMBERLY GORTON, CHARLES )
REMICK, MICHAEL TOUCHETTE, )
and JAMES BAKER, )
)
    Defendants. )

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE**
(Docs. 46, 47)

The Report and Recommendation of the United States Magistrate Judge was filed December 16, 2021. (Doc. 47.) After careful review of the file and the Magistrate Judge's Report and Recommendation ("R & R"), no objections having been filed by any party, this Court ADOPTS the recommendations in full for the reasons stated in the R & R, GRANTS Defendants' Motion to Dismiss the Amended Complaint (Doc. 47), and DISMISSES this case.

On September 3, 2020, Plaintiff Lucas Putvain's initial Complaint was filed following the Court's Order granting him leave to proceed *in forma pauperis*. (Docs. 3, 5.) On February 10, 2021, now former Magistrate Judge John Conroy recommended that the Court grant the initial motion to dismiss with leave for Mr. Putvain to file an Amended Complaint. (Doc. 19.) On February 25, 2021, the court docketed Plaintiff's Amended Complaint. (Doc. 22.) On March 17, 2021, the undersigned adopted the February 10, 2021 R & R and the case was returned to the

Magistrate Judge for further proceedings as Mr. Putvain had availed himself of the opportunity to file an Amended Complaint.[1]

In his Amended Complaint, Mr. Putvain, a Vermont inmate representing himself, alleges claims under 42 U.S.C. § 1983 against Defendants Benjamin Watts, Max Titus, Heidi Fox, Steve Fisher, Tina Bowen, Kimberly Gorton, Charles Remick, and Michael Touchette, former Commissioner of the Vermont Department of Corrections ("DOC"). (Doc. 22.) Because Touchette is no longer the Commissioner of the DOC, James Baker, as his successor, must be automatically substituted for Touchette with respect to any official-capacity claims. *See* Doc. 25 at 2; Fed. R. Civ. P. 25(d). Putvain alleges that he was not provided proper medical care following a fall while in DOC custody, in violation of his Eighth Amendment constitutional rights. He seeks compensatory and punitive damages against all Defendants in their individual capacities and injunctive relief against all Defendants in their official capacities.

On June 9, 2021, Defendants moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 46.) Plaintiff did not file an opposition to the motion. On December 16, 2021, United States Magistrate Judge Kevin Doyle issued an R & R recommending that the motion to dismiss be granted and that Plaintiff be denied leave to amend his Amended Complaint. (Doc. 47.)

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made

---

[1] Because the Amended Complaint did not name Centurion of Vermont as a defendant as had the initial Complaint, the Court denied Centurion's March 25, 2021 motion to dismiss as moot. *See* Doc. 42.

by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. Here, no objections to the R & R have been filed.

Plaintiff appears before the court as a self-represented litigant. Plaintiff, thus, is "entitled to a liberal construction of [his] pleadings, which should be read to raise the strongest arguments that they suggest." *Diaz v. United States*, 633 F. App'x 551, 555 (2d Cir. 2015) (internal quotation marks omitted).

The court accepts and adopts the Magistrate Judge's recommendations. The December 16, 2021 R & R concludes that Plaintiff's § 1983 claims against the individual Defendants in their personal capacities again fail to allege the personal involvement of any Defendant in his allegedly inadequate medical care and therefore fail as a matter of law. Further, he determines Plaintiff's Amended Complaint fails to allege facts sufficient to meet the subjective prong required to state a claim of deliberate indifference under the Eighth Amendment. Finally, he recommends that the Court refrain from exercising supplemental jurisdiction over any state-law claims if the Court dismisses Plaintiff's federal claims as recommended. In light of the prior opportunity to amend his Complaint, and his continued failure to allege facts rising to the level of inadequate medical care under the Eighth Amendment, the R & R recommends Plaintiff be denied further leave to amend.

## CONCLUSION

After careful review of the file and the Report and Recommendation, this court ADOPTS Magistrate Judge Doyle's recommendations (Doc. 47). Defendants' Motion to Dismiss (Doc. 46) is GRANTED and Plaintiff's Amended Complaint (Doc. 22) is DISMISSED. Plaintiff is DENIED further leave to amend as the Court has already afforded Plaintiff an opportunity to amend and he filed no objection to the R & R explaining how he would cure the defects of his

3

Amended Complaint if given a second opportunity to amend. This case is CLOSED. The Court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

Dated at Rutland, in the District of Vermont, this 19th day of January 2022.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court